# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

TIMOTHY L. WILLIAMS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 3:17-cv-05693-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Timothy L. Williams filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion evidence of examining psychologist, Dr. Todd Bowerly, Ph.D. Had the ALJ properly considered Dr. Bowerly's opinion, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy

Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on December 10, 2013 and January 10, 2014, respectively, alleging disability as of July 15, 2000. *See* Dkt. 8, Administrative Record ("AR") 221-232. The applications were denied upon initial administrative review and on reconsideration. *See* AR 84, 165-172. A hearing was held before ALJ Linda Thomasson on October 28, 2015. *See* AR 35-70. In a decision dated March 15, 2016, the ALJ determined Plaintiff to be not disabled. *See* AR 12-34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly evaluate: (1) the medical evidence; (2) Plaintiff's subjective symptom testimony; and (3) Plaintiff's RFC and the findings at steps four and five. Dkt. 12 at 1-16. Plaintiff argues this case should be remanded for an award of benefits. Dkt. 12 at 16-18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ properly assessed the medical opinion evidence.**

    A. <u>Examining psychologist, Dr. Bowerly,</u>

Plaintiff argues the ALJ improperly rejected the opinion of Department of Social and Health Services ("DSHS") examining psychologist, Dr. Bowerly. Dkt. 12 at 2-5.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In October 2013, Dr. Bowerly performed a psychological evaluation of Plaintiff. AR 355-59. Dr. Bowerly diagnosed Plaintiff with major depressive disorder, recurrent, severe with psychotic features, and rule out schizoaffective disorder, noting "psychotic features may be more primary at this point". AR 356-57. Dr. Bowerly rated Plaintiff's Global Assessment of Functioning ("GAF") score at 35. AR 356-57. Dr. Bowerly observed Plaintiff had slow speech; blunted, depressed, constricted, and flat affect; depressed mood; poor recent memory; and poor

insight/judgment. AR 359. Dr. Bowerly opined Plaintiff was severely limited[1] in his ability to understand, remember and persist in tasks by following very short and simple and detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; complete a normal work day and work week without interruptions from psychologically based symptoms; maintain appropriate behavior in a work setting; and set realistic goals and plan independently. AR 357. Dr. Bowerly opined Plaintiff was markedly limited[2] in his ability to learn new tasks; perform routine tasks without supervision; adapt to changes in a routine work setting; make simple work-related decisions; be aware of normal hazards and take appropriate precautions; ask simple questions or request assistance; and communicate and perform effectively in a work setting. AR 357.

The ALJ assigned little weight to Dr. Bowerly's opinion, including the GAF score, finding his opinion was: (1) based on Plaintiff's self-reports during a one-time "snapshot encounter[]" and (2) inconsistent with the longitudinal record.[3] AR 20-22.

1. *Plaintiff's self-reports and one-time encounter*

First, the ALJ rejected Dr. Bowerly's opinion because it was "based primarily on the claimant's current, subjective complaints during [a] one-time 'snapshot encounter[']." AR 21. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.

---

[1] Defined as an "inability to perform the particular activity in regular competitive employment or outside of a sheltered workshop." AR 357.

[2] Defined as "very significant limitation on the ability to perform one or more basic work activity." AR 357.

[3] In the same discussion, the ALJ assigned little weight to the opinions of Drs. Lewis and Morgan. *See* AR 20-22. These opinions will be discussed in section I.B, *see infra*.

1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and mental status evaluation are "objective measures" which "cannot be discounted as a self-report." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (internal citations omitted).

Here, the record shows Dr. Bowerly performed objective measures including a mental status examination and clinical interview during his evaluation with Plaintiff. AR 355-59. Dr. Bowerly also reviewed a number of Plaintiff's medical records. AR 355. While Dr. Bowerly did question Plaintiff's report of "seeing things[,]" he did not completely discount this information. AR 355-56. Moreover, Dr. Bowerly did not question or discount any of Plaintiff's other reports such as his symptoms of depression, voices, or suicidal ideation. AR 355-56. As such, the Court finds Dr. Bowerly's opinion was not based " '*to a large extent*' " on Plaintiff's subjective complaints and self-reports which were discounted as incredible. *See Tommasetti*, 533 F.3d at 1041 (emphasis added) (internal citations omitted).

Moreover, the ALJ's decision lacks any substantive explanation as to why Dr. Bowerly's one-time "snapshot encounter[]" of Plaintiff is a specific and legitimate reason to discount his opinion. *See Lester,* 81 F.3d at 830 (internal citations omitted). If the ALJ could reject an opinion simply because it was based on a one-time encounter and not for the purpose of seeking treatment, almost every examining opinion could be rejected for this reason. *See Williams v. Colvin*, 24 F. Supp. 3d 901, 914 (N.D. Cal. 2014) ("The fact of a one-time examination, without any analysis or assessment as to the nature and quality of that examination, is not a sufficient basis for the ALJ's decision to reject Dr. Johnson's opinion."). Without more, this is not a specific and legitimate reason supported by substantial evidence to discredit Dr. Bowerly's opinion.

2. *Inconsistent with longitudinal record*

Second, the ALJ found Dr. Bowerly's evaluation was inconsistent with the longitudinal record. AR 21. The ALJ noted several inconsistencies including examination findings before and after Dr. Bowerly's evaluation. AR 21-22. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, the record does not support the alleged inconsistencies.

For example, the ALJ referred to Plaintiff's psychiatric hospitalization between August 30, 2013 and September 4, 2013 wherein Plaintiff presented to the emergency department with complaints of suicidal ideation. AR 21 (*citing* AR 328-354, 469-484). These treatment notes show Plaintiff was diagnosed with major depressive disorder, had a GAF score of 30, and was prescribed numerous medications including Sertraline and Perphenazine to treat his mood and psychotic symptoms. AR 328, 330. Thus, the record shows Plaintiff required hospitalization as

well as ongoing medication management as a result of his mental impairments, which is consistent with Dr. Bowerly's findings.

The ALJ also referenced a purported inconsistency related to Plaintiff's employment termination, noting Plaintiff's job ended for reasons other than his disabling impairments. AR 21. However, the fact that in September 2013 Plaintiff told a provider he lost his job four months ago is not materially inconsistent with Plaintiff's report to Dr. Bowerly in October 2013 he was terminated in March 2013 or April 2013 due to a "time clock violation." AR 21, 355, 563. Moreover, it is not clear how this information is relevant to Dr. Bowerly's evaluation. Dr. Bowerly did not state an opinion as to whether Plaintiff lost his job due to his mental impairments, and losing a job due to a "time clock violation" is not incompatible with disability.

The ALJ also cited to evidence wherein Plaintiff reported moving from Kansas to Washington because his disability caseworker told Plaintiff he could get help in Washington. AR 21; *see* AR 363-65. Plaintiff reported the same information to Dr. Bowerly in October 2013. AR 355. In a September 2013 treatment note, a provider noted Plaintiff's "willingness to move from Kansas to Washington in order to receive the help he needs indicates a great deal of strength, commitment, and hope for recovery." AR 565. Defendant now argues this shows Plaintiff moved to Washington to take advantage of better disability programs. Dkt. 13 at 3. However, it appears Plaintiff may have been seeking better care for his mental impairments. *See* AR 355, 363-65, 565. And even if Plaintiff moved to take advantage of Washington's programs, it is not clear why this information is inconsistent with Dr. Bowerly's opinion, or necessarily incompatible with disability.

In addition, the ALJ relied on alleged inconsistencies with Dr. Bowerly's opinion and treatment notes from September 2013. *See* AR 21-22. The ALJ noted on September 3, 2013

Plaintiff reported to a provider medication eliminated his hallucinations and improved his mood, and the objective examination findings were unremarkable. AR 22 (*citing* AR 445-446). However, these examination findings highlighted by the ALJ do not provide a complete picture of Plaintiff's presentation in September 2013. During the same visit on September 3, 2013, the provider noted Plaintiff had memory difficulties, and when symptomatic, he experiences dramatic mood changes, tearfulness, and "quite a lot of sadness". AR 446. Six days later on September 9, 2013, while Plaintiff again reported medication was helping with the voices, Plaintiff also reported feeling stressed and depressed for "a while[.]" AR 563-64. Plaintiff presented with a depressed mood, restricted range of affect, and concentration difficulties. AR 565. Plaintiff was diagnosed with major depressive disorder, recurrent, severe without psychotic features. AR 565. A further psychiatric evaluation was scheduled to confirm the diagnosis and evaluation Plaintiff's medication needs. AR 565. Due to Plaintiff's recent hospitalization, the provider recommended approval for Plaintiff to receive services under a "high-risk state" for an initial period of 90 days. AR 565. In October 2013, Plaintiff reported to Dr. Bowerly he had not taken any medication in the last month due to a lack of insurance, and he continued to hear voices daily which tell him to hurt himself. AR 355. Therefore, the record shows Plaintiff's symptoms were ongoing and persisted between September and October 2013, particularly without access to insurance and medication, which is consistent with Dr. Bowerly's findings.

      The remaining references to inconsistencies in the record by the ALJ cite to treatment notes from December 2013, 2014, and 2015. *See* AR 22. While these treatment notes may undermine the September 2015 opinion of Dr. David Morgan Ph.D., another DSHS examiner, they are not relevant to Dr. Bowerly's October 2013 opinion.

After considering the record and the ALJ's findings, the Court concludes the record does not support the ALJ's finding that Dr. Bowerly's opinion was inconsistent with the overall record. Therefore, the ALJ has failed to provide a specific and legitimate reason, supported by substantial evidence, for giving little weight to Dr. Bowerly's opinion. Accordingly, the ALJ erred.

3. *Harmless error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (*quoting Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

Had the ALJ properly considered all of Dr. Bowerly's opined limitations, the ALJ may have found Plaintiff disabled or included additional limitations in the RFC. For example, Dr. Bowerly found Plaintiff is severely limited in his ability to understand, remember, and persist in tasks by following very short and simple and detailed instructions; perform activities within a

schedule, maintain regular attendance, and be punctual within customary allowances without special supervision; complete a normal work day and work week without interruptions from psychologically based symptoms; maintain appropriate behavior in a work setting; and set realistic goals and plan independently. *See* AR 357. None of these limitations were accounted for in the RFC. *See* AR 19 (RFC limited Plaintiff to medium work: with no contact with the public and less than occasional interaction with others; performing simple, routine repetitive tasks; following three to four-step uncomplicated, routine, repetitive instructions; and making simple work-related decisions.). If one or more of the limitations from Dr. Bowerly were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Therefore, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

B. Other medical evidence

Plaintiff next maintains the ALJ failed to properly consider nearly all of the remaining medical evidence. Plaintiff argues the ALJ erred in evaluating the opinions of DSHS examining psychologist Dr. Morgan,; non-examining psychologist Dr. Janis Lewis, Ph.D.; state agency consultants Dr. Kent Reade, Ph.D., Dr. Alnoor Virji, M.D., and Dr. Diane Fligstein, Ph.D.; and failed to properly evaluate the other medical evidence including Plaintiff's GAF scores, a 2009 MRI, 2013 MRI, and treatment notes from Della Reese Ramirez, ARNP, Dr. Derrick Lai, D.O., Nancy Pascua, ARNP, Brooks Oglesby-Junk, ARNP, Matt Martin, M.A., Kim Carnahan Lewis, ARNP, Mehdi S. Ferdows, M.D., Rich Enders, PA-C, Dr. Bernard A. Stupski, D.O., and Dr. Amar Bhuta, M.D. Dkt. 12 at 5-9. Plaintiff contends this evidence is consistent with the opinions of Drs. Bowerly, Lewis and Morgan and Plaintiff's subjective symptom testimony. *Id.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10

The Court concludes the ALJ committed harmful error in assessing Dr. Bowerly's opinion and this case must be remanded for further consideration of the medical opinion evidence. *See* Section I.A., *supra*. As this case must be remanded, the Court declines to consider whether the ALJ's consideration of the opinions of Drs. Lewis, Morgan, Fligstein, Reade, and Virgi, and the other medical evidence was erroneous. Rather, the Court finds the ALJ should re-evaluate all of the medical evidence on remand, including the opinions of Drs. Lewis, Morgan, Reade, Fligstein, and Virji, and the other medical evidence including Plaintiff's GAF scores, 2009 MRI, 2013 MRI, and treatment notes from Ms. Reese Ramirez, Dr. Lai., Ms. Pascua, Mr. Oglesby-Junk, Mr. Martin, Ms. Carnahan Lewis, Dr. Ferdows, Mr. Enders, Dr. Stupski, and Dr. Bhuta.

**II.     Whether the ALJ properly assessed Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ erred in evaluating Plaintiff's subjective symptom testimony. Dkt. 12 at 9-14. As previously stated, the Court concludes the ALJ committed harmful error in assessing Dr. Bowerly's opinion. *See* Section I.A., *supra*. Because the ALJ's reconsideration of Dr. Bowerly's opinion and the medical opinion evidence may impact the assessment of Plaintiff's subjective symptom testimony, the ALJ must reconsider it on remand.

**III.    Whether the ALJ properly assessed Plaintiff's RFC and findings at steps four and five.**

Plaintiff argues given the purported errors in the ALJ's analysis of the medical opinion evidence and Plaintiff's subjective symptom testimony, the ALJ's step five finding was not supported by substantial evidence. Dkt. 12 at 14-16. The Court already has concluded the ALJ erred in reviewing Dr. Bowerly's opinion, and this matter should be reversed and remanded for

further consideration. *See* section I.A, *supra*. Therefore, the remainder of the sequential disability evaluation process, including the RFC and steps four and five, will need to be assessed anew.

**IV.     Whether this case should be remanded for an award of benefits.**

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 12 at 16-18. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical opinion evidence, Plaintiff's subjective symptom testimony, and Plaintiff's RFC to determine if Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

The Clerk is directed to enter judgment for the Plaintiff and close the case.

Dated this 10th day of May, 2018.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge